IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL LEE THOMAS, #676106 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv515 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner filed a postjudgment motion for reconsideration in this case (docket entry #11). He contends that, contrary to what is stated in the Order of Dismissal, he filed objections to the Report and Recommendation, and asks the court to reconsider the final judgment in light of his objections. A review of the docket shows that the Report and Recommendation (docket entry #8) was filed on October 11, 2012; accordingly, Petitioner's objections were due fourteen days later, on October 25, 2012. On November 1, 2012, no objections having been filed, this court issued Final Judgment, denied the petition because it was time-barred, and dismissed Petitioner's case.

In his motion for reconsideration, Petitioner asserts that he had filed objections. He attached a copy of these objections to his motion for reconsideration. However, a close review of the document shows that the objections are a duplicate from objections that had been filed earlier (docket entry #7), which was a response to the court's order (docket entry #5) from August 29, 2012. The August 29th order instructed Petitioner to show cause why his case should not be dismissed as time-barred. These objections, filed on September 14, 2012, were considered. However, Petitioner failed to show entitlement to equitable tolling. Consequently, Judge Mazzant issued a Report and Recommendation, recommending that the case be dismissed as time-barred. In the Report, Judge Mazzant discussed Petitioner's erroneous contentions concerning equitable tolling that Petitioner articulated in his

objections to the court's order.

In Petitioner's objections to the court's order to show cause, he asserts that because he was not notified by the Texas Court of Criminal Appeals that a decision had been made in his state habeas proceedings, he is entitled to equitable tolling.[1] The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. —, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th

---

[1] Petitioner also contends that he is entitled to equitable tolling because the trial court failed to provide findings of facts or obtain an affidavit from his trial attorney. However, a review of the website for the Texas Court of Criminal Appeals shows that the court denied Petitioner's state habeas corpus petition based on the findings of the trial court. Thus, contrary to Petitioner's assertion, the trial court must have made findings of facts in Petitioner's case.

Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996). In the present case, Petitioner waited more than fifteen years after having filed his state habeas petition before filing his federal petition for habeas relief. He has wholly failed to show due diligence in pursuing his rights. He has also failed to show "rare and exceptional circumstances."

In conclusion, Petitioner failed to file written objections to the Report and Recommendation. Even if he had timely filed objections similar to those that he presented in his response to the show cause order, a *de novo* review of those objections show that they are without merit and do not entitle Petitioner to equitable tolling in this case. It is accordingly

**ORDERED** that Petitioner's motion for reconsideration (docket entry #11) is **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **September, 2013.**

_____
Ron Clark, United States District Judge